UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE RENE MONGE VALLE,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. 26-cv-1609-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Jose Rene Monge Valle is a 44-year-old citizen of El Salvador who entered the United States without inspection approximately 25 years ago. Dkt. 6 at 2. He was apprehended by Department of Homeland Security officials on April 30, 2026 while driving to work in St. George, Utah, and since then has been detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 22–28. Petitioner has no criminal history and has four children who are U.S. citizens. *Id*. ¶¶ 26–27.

On May 14, 2026, Petitioner had a bond hearing before an immigration judge ("IJ"). Dkt. 6 at 2. The IJ found first that he lacked jurisdiction to consider bond because Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but in the alternative, the IJ also found that if he had jurisdiction, he would set bond at $2,000. Dkt. 8-5 at 2–3.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On May 12, 2026, Petitioner filed this petition for writ of habeas corpus, arguing that his mandatory detention violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 43–44. On May 27, Federal Respondents filed a return to the habeas petition. Dkt. 6. On June 1, Petitioner filed a traverse. Dkt. 9. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.     DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful because he is a member of the Bond Denial Class. Dkt. 1 ¶¶ 43-44. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter. Dkt. 6 at 3–4.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this Order, Respondents must either release Petitioner Jose Rene Monge Valle or allow his release upon payment of the alternative bond amount of $2,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

3. Upon the release of Petitioner, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 16th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3